FILED
CLERK, U.S. DISTRICT COURT

AUG 21 2025

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1 BILAL A. ESSAYLI
  Acting United States Attorney
2 CHRISTINA T. SHAY
  Assistant United States Attorney
3 Chief, Criminal Division
  ROSALIND WANG (Cal. Bar No. 218626)
4 Assistant United States Attorney
5     Ronald Reagan Federal Bldg. & U.S. Courthouse
      411 West Fourth Street, Suite 8000
6     Santa Ana, California 92701
      Telephone:(714)338-3547
7     Facsimile: (714) 338-3708
      E-mail: rosalind.wang@usdoj.gov
8

9

10 Attorneys for Plaintiff
   UNITED STATES OF AMERICA
11
              UNITED STATES DISTRICT COURT
12
          FOR THE CENTRAL DISTRICT OF CALIFORNIA
13
   UNITED STATES OF AMERICA,          No. 8:25-mj-00614-DUTY
14
              Plaintiff,              GOVERNMENT'S NOTICE OF REQUEST
15                                    FOR DETENTION
                   v.
16
   ALIREZA HAMEDANI,
17
              Defendant.
18

19
        Plaintiff, United States of America, by and through its counsel
20
   of record, hereby requests detention of defendant and gives notice of
21
   the following material factors:
22
   ☐  1.   Temporary 10-day Detention Requested (§ 3142(d)) on the
23
            following grounds:
24
       ☐  a.   present offense committed while defendant was on release
25
               pending (felony trial),
26
       ☐  b.   defendant is an alien not lawfully admitted for
27
               permanent residence; and
28

|   |   |   |   |
|---|---|---|---|
| | ☐ | c. | defendant may flee; or |
| | ☐ | d. | pose a danger to another or the community. |
| ☑ | 2. | | Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure: |
| | ☑ | a. | the appearance of the defendant as required; |
| | ☑ | b. | safety of any other person and the community. |
| ☐ | 3. | | Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)): |
| | ☐ | a. | defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
| | ☐ | b. | defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| ☐ | 4. | | Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)): |
| | ☐ | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 *et seq.*) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| | ☐ | b. | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| | ☐ | c. | offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), |

               2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

☐  d.  defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

☑ 5.  Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:

☐  a.  a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

☐  b.  an offense for which maximum sentence is life imprisonment or death;

☐  c.  Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

☐  d.  any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses;

☐ e. any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;

☑ f. serious risk defendant will flee;

☐ g. serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so).

☐ 6. Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s):

_____
_____
_____

//
//
//
//
//
//
//
//
//
//
//

4

☐ 7.  Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: August 21, 2025          Respectfully submitted,

                                BILAL A. ESSAYLI
                                Acting United States Attorney

                                CHRISTINA T. SHAY
                                Assistant United States Attorney
                                Chief, Criminal Division

                                */s/ Rosalind Wang*
                                ROSALIND WANG
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA