BILAL A. ESSAYLI
Acting United States Attorney
MARK P. TAKLA
Assistant United States Attorney
Chief, Orange County Office
ROSALIND WANG (Cal. Bar No. 218626)
Assistant United States Attorney
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3547
    E-mail:   rosalind.wang@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. 8:25-MJ-00614 |
|---|---|
| Plaintiff, | UNOPPOSED MOTION TO DISMISS COMPLAINT WITHOUT PREJUDICE PURSUANT TO FED. R. CRIM. P. 48(a); MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| ALIREZA HAMEDANI, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Central District of California, hereby moves to dismiss the pending complaint against defendant ALIREZA HAMEDANI in the above-captioned case without prejudice pursuant to Fed. R. Crim. P. 48(a).  Defendant, via defense counsel, does not oppose this motion.

//

//

This application is based upon the attached memorandum of points and authorities, the files and records in this case, and any such additional evidence or argument as may be presented at any hearing on this application.

Dated: September 22, 2025

Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

/s/Rosalind Wang
ROSALIND WANG
Assistant United States Attorney
Orange County Office

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**DISCUSSION**

On July 28, 2025, the government filed a complaint against defendant ALIREZA HAMEDANI ("defendant"), alleging a violation of 18 U.S.C. § 111(a)(1),(b): Assault on Federal Officer Inflicting Bodily Injury.

On or about August 22, 2025, defendant made an initial appearance before this Court. Defendant was released on bond and transferred to immigration custody. Defendant has not been arraigned on an information or indictment; a post-indictment arraignment hearing is currently scheduled for September 29, 2025.

In considering whether to grant the government leave to dismiss a charging document without prejudice pursuant to Rule 48(a), the Ninth Circuit has instructed that:

> Separation of power concerns generally require a district court to defer to the government's decision to seek dismissal of a criminal charge because a denial of the motion would represent an intrusion upon prosecutorial prerogative. [citation omitted]. The decision to dismiss an indictment implicates concerns that the Executive is uniquely suited to evaluate, and a district court should be reluctant to deny its request.

United States v. Gonzalez, 58 F.3d 459, 462 (9th Cir. 1995). See also id. at 461 ("In light of the history and purpose of Rule 48(a), we have . . . required district judges entertaining such requests [for leave to dismiss] to grant considerable deference to the prosecutor"); id. ("the district court's discretion to deny leave is limited"); United States v. Hayden, 860 F.2d 1483, 1487 (9th Cir. 1988) ("While the judiciary has been authorized to supervise prosecutorial decisions to dismiss, Rule 48(a) was not enacted for

the purpose of usurping the traditional role of the prosecutor to determine whether to terminate a pending prosecution").

## II.
## CONCLUSION

For the foregoing reasons, the government respectfully requests leave to dismiss the pending complaint without prejudice.